IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–03563–MDB

DECRO CORPORATION, a California Non-Profit Public Benefit Corporation,

Plaintiff,

v.

KRISTEN ERBACCI, an individual,
INDIEDWELL COLORADO, a dissolved Colorado non-profit corporation,
INDIEDWELL HOLDINGS, INC., a Colorado Public Benefit Corporation,
COMMUNITY MODULAR QOZB, LLC, a Delaware limited liability company,
PETE GOMBERT, an individual, and
JOHN DOES, individuals,

Defendants.

---

**ORDER**

---

This matter is before the Court on Defendant Gombert's Motion to Dismiss. (["Motion to Dismiss"], Doc. No. 19.) Plaintiff has responded in opposition to the Motion to Dismiss (Doc. No. 23-1), and Defendant Gombert has replied in support (Doc. No. 26.) After reviewing the briefing and applicable law, the Court **GRANTS** the Motion to Dismiss.

Also before the Court is Plaintiff Decro Corporation's Motion for Extension of Time to Complete Service and for Leave to Effect Substitute Service on Defendants indieDwell Colorado and indieDwell Holdings, Inc. (["Service Motion"], Doc. No. 43.) Defendants Erbacci and Community Modular QOZB ("QOZB") filed a response indicating oppositions to certain requests made in the Service Motion (Doc. No. 45), which Defendant Gombert joins (Doc. No.

47). Plaintiff has replied in support. (Doc. No. 48.) After reviewing the briefing and applicable law, the Court **GRANTS in part and DENIES in part** the Service Motion.

## BACKGROUND

### I. Allegations

On April 10, 2023, Plaintiff provided a $75,000 loan to Defendant indieDwell Colorado ("indieDwell"), and indieDwell executed a $75,000 promissory note in favor of Plaintiff in exchange (the "Promissory Note"). (Doc. No. 8 at ¶ 13.) Defendant Erbacci, President of Defendant QOZB and former Vice President of Administration for Defendant indieDwell Holdings, Inc. ("Holdings"), was allegedly aware of the loan. (*Id.* at ¶¶ 2–4, 14.)

The exact timeline of events pleaded in the Amended Complaint is somewhat confusing, but the essential sequence is as follows. Plaintiff alleges that at some point indieDwell transferred its assets to Holdings "or the directors, officers, or controlling parties of Holdings including Ms. Erbacci." (*Id.* at ¶ 19.) Plaintiff further alleges that on October 31, 2023, QOZB purchased those same assets from Holdings, including the cash proceeds received from the Promissory Note, pursuant to an Asset Purchase Agreement. (*Id.* at ¶ 20.) Plaintiff alleges that the assets of indieDwell were thereby transferred to QOZB and that QOZB is a successor in interest to indieDwell. (*Id.* at ¶¶ 32, 34.) According to the Amended Complaint, that Asset Purchase Agreement excluded the $75,000 debt owed to Plaintiff. (*Id.* at ¶ 31.)

When the loan was not repaid, Plaintiff filed suit against indieDwell in the United States District Court for the Central District of California. (*Id.* at ¶ 15.) On February 23, 2024, Plaintiff obtained a default judgment against indieDwell in the amount of $84,011.55. (*Id.* at ¶ 16.) In July 2024, Plaintiff filed a Notice of Foreign Judgment in Pueblo County District Court. (*Id.* ¶ 18.)

Plaintiff alleges that the transfer of indieDwell's assets and the exclusion of Plaintiff's debt from the Asset Purchase Agreement have thwarted its ability to collect on the default judgment. (*Id.* at ¶ 38.) Plaintiff says that shortly after the default judgment was entered in California, indieDwell began to close its business and that the business indeed closed in June 2024. (*Id.* at ¶¶ 17, 21.)

According to Plaintiff, Defendant Erbacci was employed by Holdings through October 2023 and then hired by QOZB as President. (*Id.* at ¶¶ 22–23.) Apparently, indieDwell, Holdings, and QOZB shared employees, resources, and addresses, and Defendant Erbacci provided day-to-day accounting and made decisions at all three companies. (*Id.* at ¶¶ 24–25.) According to indieDwell's Form 990 filed with the Internal Revenue Service, Holdings asserted control over indieDwell's board of directors. (*Id.* at ¶ 26.) Plaintiff also alleges that Holdings and indieDwell share directors and officers as well as marketing information, including websites, name, and likeness, and that Holdings controlled the assets of indieDwell. (*Id.* at ¶¶ 28–30.)

Upon discovering that indieDwell had closed and that QOZB was the successor in interest to indieDwell, Plaintiff sent a demand letter to QOZB. (*Id.* at ¶ 34.) On September 27, 2024, counsel representing QOZB and Defendant Erbacci denied that QOZB knew of the debt indieDwell owed to Plaintiff. (*Id.* at ¶ 35.) Holdings and QOZB contend that indieDwell does not owe the debt to Plaintiff. (*Id.* at ¶ 36.)

Plaintiff's only specific allegation regarding Defendant Gombert is that he "is/was a director of indieDwell.... [and] Holdings." (*Id.* at ¶¶ 5–6.)

Based on these allegations Plaintiff asserts six claims for relief: civil conspiracy (*id.* at ¶¶ 39–49); civil fraud (*id.* at ¶¶ 50–58); fraudulent transfer (*id.* at ¶¶ 59–74); breach of contract (*id.* at ¶¶ 75–89); unjust enrichment (*id.* at ¶¶ 90–96); and successor liability/de facto merger (*id.* ¶¶

97–112). The Amended Complaint does not specify, but the Court presumes each claim is brought against each Defendant.

## II. Procedural Posture

Plaintiff initiated this action in Pueblo County District Court on July 30, 2025. (Doc. No. 1-1.) Defendant Erbacci waived service on October 9, 2025, and removed the case to federal court on November 6, 2025. (Doc. Nos. 1; 1-4.) Defendant Erbacci and QOZB filed an Answer to the Amended Complaint (Doc. No. 13); Defendant Gombert has filed the instant Motion to Dismiss. (Doc. No. 19.) indieDwell and Holdings have not been served, and this case has been effectively stayed since its inception due to those service issues. (*See generally* Doc. Nos. 21; 33; 38; 41; 42.)

## III. The Motions

In his Motion to Dismiss, Defendant Gombert argues that Plaintiff's failure to make any specific allegations against him requires his dismissal from this action. (Doc. No. 19.) In the Service Motion, Plaintiff moves for additional time to serve indieDwell and Holdings, as well as permission to serve both entities by alternative means. (*See* Doc. No. 43.)

# LEGAL STANDARD

## I. Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). However, the plaintiff bears the burden of presenting a complaint with enough factual details to

suggest entitlement to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Ultimately, courts assess "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II. Service

Pursuant to Rule 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(m) provides, in pertinent part,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a plaintiff shows good cause for the delay, extending the service deadline is mandatory. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). Moreover, even if the plaintiff fails to show good cause, the district court must consider whether the situation warrants a "permissive extension of time." *Id.*; *see also Est. of Goodwin by & through Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1153 (D. Colo. 2019).

"The federal rules are silent regarding substituted and alternative service. Where federal rules are silent 'as to a specific procedural requirement,' the deciding court's local rules control." *PennStar Ins. Co. v. Bus. Futures, Inc.*, 2021 WL 5071822, at *2 (D. Colo. Sept. 14, 2021)

(quoting *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019)). In Colorado, "[o]ther means of service may only be used when service of process by personal service cannot be accomplished." *Hessert v. The Street Dog Coalition*, 2026 WL 1123812, at *3 (D. Colo. Apr. 3, 2026) (citing *Penn-Star Ins. Co*., 2021 WL 5071822, at *2). Alternative means of service "must comport with due process by being calculated 'to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *United States v. Elsberg*, 2010 WL 5177439, at *3 (D. Colo. Aug. 17, 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950)).

## ANALYSIS

### I. Motion to Dismiss

Under Colorado law, a corporate director is not personally liable for the torts of the corporation merely by virtue of holding office; personal liability attaches only where the director personally participated in the tortious conduct, whether by committing, authorizing, directing, or sanctioning it. *Hoang v. Arbess*, 80 P.3d 863, 868 (Colo. App. 2003). A complaint accordingly must plead facts connecting the individual defendant to the challenged conduct; it is not enough to allege wrongdoing by the corporation and then name a director. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (saying, within the context of a 42 U.S.C. § 1983 suit, "the complaint [must] make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations" (emphasis in original)). Where a complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the plaintiff's claims have

not crossed the line from conceivable to plausible. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) (quoting *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012)).

Measured against that standard, the Amended Complaint is facially deficient as to Defendant Gombert. The only allegations directed at him are that he "is/was a director" of indieDwell and of Holdings. (Doc. No. 8 at ¶¶ 5–6.) Moreover, the operative conduct—the execution of the Promissory Note, the transfer of indieDwell's assets, the Asset Purchase Agreement, the exclusion of Plaintiff's debt, and the closure of indieDwell—is attributed to other Defendants. (*See generally id.*) The Amended Complaint nowhere alleges that Defendant Gombert transferred or received any asset, executed or approved any agreement, made or concealed any representation, or authorized, directed, or sanctioned any of the conduct on which the claims rest.

Nor does the Amended Complaint satisfy key elements of each claim. Claim 1, the civil conspiracy claim, requires a meeting of the minds and participation in an unlawful overt act, *Nelson v. Elway*, 908 P.2d 102, 106 (Colo. 1995), but no allegation ties Defendant Gombert to any agreement or act. Claim 2, the civil fraud claim, must satisfy Rule 9(b)'s particularity requirement as to the "who, what, when, where, and how" of the alleged concealment, but as noted, the Amended Complaint falls far short of this bar. Claim 3, the fraudulent transfer claim, does not allege that Defendant Gombert was a transferee, a beneficiary, or a participant in any transfer. Claim 4, the breach of contract claim, does not allege that Defendant Gombert was a party to, guarantor of, or assignee of any contract. Claim 5, the unjust enrichment claim, does not allege that Defendant Gombert personally received or retained any benefit. Claim 6, the successor liability claim, fails because nothing in the Amended Complaint suggests Defendant

Gombert somehow personally assumed the liabilities of indieDwell or Holdings. *See Johnston v. Amsted Indus., Inc.*, 830 P.2d 1141, 1142 (Colo. App. 1992) (describing successor liability law in Colorado).

Plaintiff's principal argument in opposition is that the Amended Complaint alleges indieDwell transferred its assets to Holdings "or the directors, officers, or controlling parties of Holdings including Ms. Erbacci" (*id.* at ¶ 19), and that Mr. Gombert, as a director, is plausibly among the recipients. (Doc. No. 23-1 at 2.) But this vague allegation, which makes no explicit reference to Defendant Gombert and names only Defendant Erbacci, does not do the work Plaintiff contends. At *most* it is an allegation that Mr. Gombert maybe, perhaps, might have received assets from Holdings. That possibility does not nudge any of Plaintiff's claims across the line "from conceivable to plausible." *Shields*, 744 F.3d at 640.

**II. Service Motion**

Plaintiff represents that it has undertaken two efforts to notify indieDwell and Holdings of this lawsuit. First, on September 25, 2025, Plaintiff's counsel sent a copy of the summons and complaint by certified mail, return receipt requested, to both entities at their last known principal address in Pueblo, Colorado; both mailings were returned marked "Not Deliverable as Addressed, Unable to Forward." (Doc. No. 43 at 3 (citing Doc. No. 15 at 29).) Second, on October 21, 2025, a process server attempted personal service on both entities through their shared registered agent, ZenBusiness, Inc., in Dover, Delaware, but the agent refused service, stating that the entities were no longer in good standing. (*Id.* at 2 (citing Doc. No. 15-28).) Plaintiff represents that it made no further conventional attempts thereafter, taking the position that additional efforts would be futile. (Doc. No. 48 at 3.) Plaintiff further states that indieDwell

was dissolved in June 2024, and that Holdings is a delinquent, but not dissolved, Colorado public benefit corporation. (Doc. No. 43 at 2.)

Plaintiff now seeks leave to serve indieDwell by (1) personal service on one of several individuals it identifies as directors or officers connected to the entity; (2) certified mail to indieDwell's last known principal address; or (3) publication. As to Holdings, Plaintiff seeks service through (1) the counsel of record for Defendant Erbacci, who Plaintiff contends is a former officer of Holdings; (2) certified mail to Holdings' last known principal address, or (3) personal service upon former Holdings board members. (*Id.* at 6–8.)

The Court finds no basis for allowing alternative service at this time. A Colorado Secretary of State entity search suggests that the registered agent Plaintiff attempted to serve was not, in fact, the registered agent of record for either entity. Plaintiff represents that on October 21, 2025, its process server attempted service on both indieDwell and Holdings through ZenBusiness, Inc., at a Dover, Delaware address, and that ZenBusiness refused. (Doc. No. 43 at 2.) The Secretary of State's records, however, reflect that the registered agent of record for indieDwell is Registered Agent Solutions, Inc., located in Brighton, Colorado, and that the registered agent of record for Holdings is Pete Gombert,[1] at the North Elizabeth Street address in Pueblo where Plaintiff sent its certified mailings.[2] *See indieDwell, Public Benefit Corporation,* Business Database Search, Colorado Secretary of State,

[1] The Court notes that this appears to be Defendant Gombert. This revelation has no impact on the Court's Motion to Dismiss analysis.

[2] The Court also notes that the Secretary of State's website indicates the principal street and mailing address for both entities is in Boise, Idaho, but there is no indication Plaintiff has attempted service there.

https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20201187969&entityId2=20201187969&fileId=20228019139&srchTyp=ENTITY, (last visited September 11, 2026); indieDwell Holdings, Inc. Business Database Search, Colorado Secretary of State, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=20201188091&entityId2=20201188091&fileId=&srchTyp=ENTITY, (last visited September 11, 2026). Neither entity's registered agent of record is ZenBusiness or reflects a Delaware address, and nothing in the record indicates that Plaintiff attempted service on either Registered Agent Solutions, Inc. or Mr. Gombert in his capacity as Holdings' registered agent. Because conventional service appears available, there is no basis for resorting to alternative methods at this time.

Moreover, Plaintiff's apparent failure to serve the correct registered agents undercuts any showing of good cause. Still, the Court will grant a limited permissive extension of the service deadline. Plaintiff shall have 45 days from the date of this Order to effect service on indieDwell and Holdings and to file proof of service.

## CONCLUSION

For the foregoing reasons it is **ORDERED** that Defendant Gombert's Motion to Dismiss (Doc. No. 19) is **GRANTED** and the claims against Defendant Gombert are **dismissed without prejudice**, and the Clerk is directed to terminate him as a Defendant. It is further

**ORDERED** that Plaintiff Decro Corporation's Motion for Extension of Time to Complete Service and for Leave to Effect Substitute Service on Defendants indieDwell Colorado and indieDwell Holdings, Inc (Doc. No. 43) is **GRANTED in part and DENIED in part**.

Plaintiff's deadline to serve indieDwell and Holdings is extended to **November 9, 2026**. The Service Motion is denied without prejudice in all other respects.

Dated this 23rd day of September, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge